IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **GLORIA LEPORS, and** <br> **MICHAEL LEPORS,** <br><br> Plaintiffs, <br><br> v. <br><br> **NORTHSTAR LOCATION SERVICE, LLC,** <br><br> Defendant. | Civil Action No. <br><br> **Jury Trial Demanded** |

# COMPLAINT

GLORIA LEPORS and MICHAEL LEPORS (collectively referred to as "Plaintiffs"), by and through their attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NORTHSTAR LOCATION SERVICE, LLC ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Tennessee therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

5. Plaintiffs are natural persons residing in Columbia, Tennessee 38401.

6. Plaintiffs are "consumer[s]" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 4285 Genesee Street, Cheektowaga, New York 14225.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

11. At all times material hereto, Defendant contacted Plaintiffs in an attempt to collect a consumer debt alleged to be owed to Discover Bank in the amount of $11,103.08.

12. Plaintiffs have never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiffs, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

13. Beginning in or around May 2014, continuing through June 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiffs' cellular telephone number in its attempts to collect the alleged consumer debt.

14. Defendant's harassing calls originated from telephone numbers including, but not limited to (866) 224-9825. The undersigned has confirmed that this number belongs to Defendant.

15. On average, Defendant's collectors, including but not limited to an individual identifying himself as Matt Canada, called to Plaintiffs' cellular telephone number from four to five times a day.

16. At all relevant times, Plaintiffs instructed Defendant to stop calling them.

17. Despite Plaintiffs' instruction to cease communication, Defendant's calls persisted.

18. Once Defendant was aware that Plaintiffs wanted the communications to stop there were no legitimate reasons for any additional calls, other than for the purpose of harassment.

19. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

20. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

21. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiffs' cellular telephone; and, when it continued calling Plaintiffs' cellular telephone after being instructed to stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

22. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

23. Defendant violated § 1692d(5) when it placed repeated harassing calls to Plaintiffs' cellular telephone causing it to ring continuously with the intent to annoy, abuse, and harass Plaintiffs.

## COUNT III
## DEFENDANT VIOLATED § 1692f OF THE FDCPA

24. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

25. Defendant violated § 1692f when it harassed Plaintiffs with repeated harassing calls; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiffs, GLORIA LEPORS and MICHAEL LEPORS, respectfully pray for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, GLORIA LEPORS and MICHAEL LEPORS, demand a jury trial in this case.

Respectfully submitted,

Dated: March 6, 2015

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: (215) 540-8888
Fax: (215) 540-8817
Email: aginsburg@creditlaw.com